**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| JAMES DOLIS,<br><br>Plaintiff,<br>-vs-<br><br>KAREN MURPHY (Star # 20421),<br>ANTHONY WRONKOWSKI (Star # 20666),<br>MICHAEL CUMMINGS (Star # 21012),<br>CHRISTINE NERE (Star # 21076),<br>CITY OF CHICAGO, ILLIONOIS,<br>JUDGE JAMES D. EGAN,<br>JUDGE MARY MARGARET BROSNAHAN,<br>JUDGE KEVIN M. SHEEHAN,<br>JUDGE PATRICK M. SHEEHAN,<br>ASA MARCELLE LE COMPTE,<br>ASA ELIZABETH KENT and<br>COOK COUNTY, ILLINOIS,<br><br>Defendants. | ) | Case Number: |

**COMPLAINT**

Plaintiff, JAMES DOLIS, by and trough his attorney James J. Macchitelli, alleges against the Defendants, KAREN MURPHY (Star # 20421), ANTHONY WRONKOWSKI (Star # 20666), MICHAEL CUMMINGS (Star # 21012), CHRISTINE NERE (Star # 21076), CITY OF CHICAGO, JUDGE JAMES D. EGAN, JUDGE MARY MARGARET BROSNAHAN, JUDGE KEVIN M. SHEEHAN, JUDGE PATRICK M. SHEEHAN, ASA MARCELLE LE COMPTE, ASA ELIZABETH KENT, COOK COUNTY, ILLINOIS, and alleges as follows:

**FACTS**

1. On or about April 21, 1999, Plaintiff, James Dolis, was indicted for three felony counts of communicating with a witness and three felony counts of violation of an order of protection (1999CR09658, 1999CR09659, and 1999CR09660).

2. During February of 1999 and in an intentional or willful and Wanton manner, Defendants, Karen Murphy (Star # 20421), Anthony Wronkowski (Star # 20666), Michael Cummings (Star # 21012) and Christine Nere (Star # 21076), provided false information and false statements that were relied on to obtain an indictment against Plaintiff, James Dolis. Most important was that at the alleged time of Plaintiff's offense, no order of protection existed as was alleged to be valid until November 24, 1999, as the order of protection that was issued in case number 1997 JA 3271 was terminated in 1998. All these Chicago Police Officer conspired together to violate Plaintiff's Constitutional rights and to lie after they were sworn and agreed to tell the truth.

3. On or about September 10, 2003, the three consolidated cases (1999CR09658, 1999CR09659, and 1999CR09660) were set for trial and Plaintiff's appointed defense attorney was not ready for trial as he had no witnesses set to appear and he had no evidence.

4. Judge James D. Egan was Plaintiff's assigned judge and he refused to grant Plaintiff, James Dolis, a continuance, forced Plaintiff to plead guilty and refused to vacate Plaintiff's guilty pleas.

5. Upon consultation with his appointed defense attorney, Plaintiff believed that if he pled guilty, he would be able to withdraw his guilty plea so long as he filed a Motion to Withdraw his Guilty Plea within 30 days. Plaintiff had no other choice as his appointed defense attorney was not prepared for trial and Judge Egan repeatedly refused to continue the trial.

6. On or about September 10, 2003, Plaintiff, James Dolis pled guilty in three consolidated cases (1999CR09658, 1999CR09659, and 1999CR09660) to three counts of communicating with and harassing a witness and three counts of violating an order of protection and was sentenced to 5 years IDOC and 3 years IDOC, to run concurrently.

7. The Plaintiff's plea of guilty was taken in Judge James D. Egan's office and not in

public inside the courtroom which violate Supreme Court Rule 402. Further, Judge James D. Egan failed to admonish Plaintiff pursuant to Supreme Court Rule 402 (as Judge Egan did not address James Dolis in court; did not advise James Dolis of the minimum penalty nor the maximum penalty; Judge Egan did not determine if the plea was voluntary; nor did Judge Egan state the plea agreement in court nor did Judge Egan confirm the term of the plea.

       8.      Plaintiff, James Dolis, filed a Motion to Withdraw his Guilty Plea within 30 days and Judge Egan denied James Dolis's Motion to Withdraw his Guilty Plea and James Dolis appealed and filed for post-conviction relief which was heard by and denied by Judge Mary Margaret Brosnahan, Judge Kevin M. Sheehan, Judge Patrick M. Sheehan, and was continued to be prosecuted by ASA Marcelle Le Compte, ASA Elizabeth Kent and Cook County, Illinois.

       9.      After several years of further mishaps by Plaintiff's appointed defense attorney, and after several appeals, and after replacement of the appointed defense attorney, on January 29, 2019, in Case # 1-17-0234, the First District Appellate Court vacated the guilty pleas of Plaintiff, James Dolis, in the three consolidated cases (1999CR09658, 1999CR09659, and 1999CR09660), and further, invalidated and vacated the "Order of Protection" that was unlawfully imposed in conjunction with the sentence imposed by Judge Egan on James Dolis.

      10.      In case number 1-17-0234, the First District Appellate Court held that because the trial court (Judge James D. Egan) did not comply with Supreme Court Rule 402's numerous provisions requiring proceedings to occur in open court and ruled that Plaintiff's guilty pleas were vacated in the three consolidated cases (1999CR09658, 1999CR09659, and 1999CR09660), and, the accompanying sentences (5 years and three years concurrent) were also vacated and the matter was remanded to the trial court.

      11.      On or about August 29, 2019, all of the charges against Plaintiff, James Dolis, in the three consolidated cases (1999CR09658, 1999CR09659, and 1999CR09660) were nolle prosequi and many, many days have passed so the nolle prosequi now is a dismissal with prejudice.

      12.      By the time Plaintiff's appeals were complete and decided, Plaintiff, James Dolis, unnecessarily served the 5 year prison terms and the 3 year prison terms, concurrently, and Plaintiff served an additional year unnecessarily in another felony case where James Dolis was

charged with violating that order of protection that the First District Appellate Court deemed invalid because ASA Marcelle Le Compte, ASA Elizabeth Kent and Cook County, Illinois did not file a Petition for Order of Protection, the judge just issued an order of protection as part of Plaintiff's plea agreement. Plaintiff's violation of the order of protection in case # 2009 CR 0685801 was also vacated which meant Plaintiff unnecessarily served another year prison term unnecessarily and unlawfully which violated Plaintiff's Constitutional right not to be seized and imprisoned when no crime was committed.

13. Plaintiff, James Dolis, was wrongfully and unlawfully charged and sentenced to serve five years and three years in the Illinois Department of Corrections concurrent for three unlawfully charged felony counts for violation of order of protection that was issued in case number 1997 JA 3271, as no order of protection existed in February 1999, when Plaintiff allegedly committed that violation.

14. Further, since the order of protection was declared invalid by the First District Appellate Court, Plaintiff was unlawfully charged and sentenced to serve one year in Illinois Department of Corrections. By all of the Defendants' unlawful, intentional misconduct or willful and wanton misconduct, Plaintiff unlawfully was caused to serve six years in the Illinois Department of Corrections.

15. Thus, Plaintiff, James Dolis, seeks justice for the harm that the Defendants have caused the Plaintiff and Plaintiff seeks redress for the loss of liberty and the terrible hardship that Plaintiff has endured and continues to suffer as a result of the Defendants' misconduct and repeated violations of Plaintiff's Constitutional right to "Due Process," and the Constitutional right not to be unlawfully seized and jailed without a crime being committed .

**JURISDICTION**

16. This action is brought pursuant to 42 U.S.C. §1983 and Illinois law to redress the Defendants' tortious conduct and their deprivation of Plaintiff's rights secured by the U.S. Constitution.

17. This Court has subject matter jurisdiction over this action under 28 U.S.C. § 1331 as a matter arising under 42 U.S.C. § 1983 and the Fourteenth Amendment to the United States Constitution, and under 28 U.S.C. § 1343 as a civil action authorized by law to redress the

deprivation of Plaintiff's rights under color of state law.

18. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2) because the acts giving rise to Plaintiffs' claims occurred in Cook County, Illinois which is located in the Northern District of Illinois, Eastern Division.

**PARTIES**

19 . Plaintiff, James Dolis, is an individual citizen of the United States of America and the State of Illinois who was wrongfully incarcerated for a five year term and one year term in the Illinois Department of Corrections and was unlawfully forced to serve six years in prison.

18 . Defendants, Defendants, Karen Murphy (Star # 20421), Anthony Wronkowski (Star # 20666), Michael Cummings (Star # 21012) and Christine Nere (Star # 21076), were Chicago Police Officers, that acted under the color of state law at all times relevant to this Complaint.

19. Defendants, Judge James D. Egan, Judge Mary Margaret Brosnahan, Judge Kevin M. Sheehan, and Judge Patrick M. Sheehan were circuit court judges that unlawfully persecuted Plaintiff and that acted under the color of state law at all times relevant to this Complaint.

20. Defendants, ASA Marcelle Le Compte, ASA Elizabeth Kent were assistant state attorneys that unlawfully prosecuted Plaintiff and that acted under the color of state law at all times relevant to this Complaint.

21. Cook County, Illinois and City of Chicago are municipal Defendants that are responsible for the wrongful conduct of the other named Defendants.

**COUNT I**

**42 U.S.C. § 1983 Violation of the Fourteenth Amendment for Deprivation of Liberty without Due Process of Law, without Probable Cause and Denial of a Fair Trial through procedures that do not comply with Illinois Statute**

22. Plaintiff incorporates each paragraph of this complaint as if fully restated here.

23. In the manner described above, the Defendants, individually, jointly, and in conspiracy with one another, as well as under color of law and within the scope of their employment, accused Plaintiff of criminal activity and exerted influence to initiate, continue, and

perpetuate judicial proceedings against him without any probable cause for doing so and in spite of the fact that they knew he was innocent, in violation of his rights secured by the Fourth, Fifth and Fourteenth Amendments.

24. In so doing, the Defendants caused Plaintiff to be deprived of his liberty without probable cause and subjected improperly to judicial proceedings for which there was no probable cause. These judicial proceedings were instituted and continued maliciously, resulting in injury.

25. The misconduct described in this Count was objectively unreasonable and was undertaken intentionally, and with malice.

26. Defendants, Karen Murphy (Star # 20421), Anthony Wronkowski (Star # 20666), Michael Cummings (Star # 21012) and Christine Nere (Star # 21076), were Chicago Police Officers, joined in the conspiracy and unlawfully charged the Plaintiff with a crime even though they knew that Plaintiff did not commit a crime and they knew that no order of protection existed at the time they alleged.

27. Defendant, Judge James D. Egan, and the judges after Defendant, Judge James D. Egan, Defendant, Judge Mary Margaret Brosnahan, Judge Kevin M. Sheehan, and Judge Patrick M. Sheehan, joined in the conspiracy and ratified the misconduct set forth in, this complaint and, continued to act unlawfully and in violation of Illinois Statutes and Illinois Supreme Court Rules, perpetuated and continued Plaintiff's unconstitutional deprivation of liberty through the date of his unlawful incarceration.

28. The Plaintiff's prosecutors, Defendants, ASA Marcelle Le Compte, ASA Elizabeth Kent, joined in the conspiracy and ratified the misconduct set forth in, this complaint and, continued to act unlawfully and in violation of Illinois Statutes and Illinois Supreme Court

Rules, perpetuated and continued Plaintiff's unconstitutional deprivation of liberty through the date of his unlawful incarceration.

29. As a result of the Defendants' intentional or willful and wanton misconduct described in this Complaint, Plaintiff suffered loss of liberty, great mental anguish, humiliation, degradation, physical and emotional pain and suffering, and other grievous and continuing injuries and damages.

30. Most importantly from the Defendants' intentional or willful and wanton misconduct which caused Plaintiff, James Dolis, to unlawfully serve and to be imprisoned for an additional six year term in the inhumane conditions in the prison where Plaintiff served his unlawful term of imprisonment, caused Plaintiff, James Dolis to acquire squamous cell carcinoma of his right nostril and caused James Dolis to suffer extreme and severe pain and to become physically disfigured and to suffer severe emotional distress and shortened his life because in April of 2017, Plaintiff's cancer was diagnosed.

**COUNT II**

**42 U.S.C. § 1983 Violation of the Fourteenth Amendment for Deprivation of Liberty without Due Process of Law, without Probable Cause**

31. Plaintiff incorporates each paragraph of this complaint as if fully restated here.

32. In the manner described above, Defendants, Karen Murphy (Star # 20421), Anthony Wronkowski (Star # 20666), Michael Cummings (Star # 21012) and Christine Nere (Star # 21076), individually, jointly, and in conspiracy with one another, as well as under color of law and within the scope of their employment as police officer with City of Chicago, accused Plaintiff of criminal activity and exerted influence to initiate, continue, and perpetuate

felony indictments to be issued unlawfully against the Plaintiff without any probable cause for doing so and with knowing false allegations provided and in spite of the fact that they knew he was innocent, in violation of his rights secured by the Fourth, Fifth and Fourteenth Amendments.

33. In so doing, the Defendants, Karen Murphy (Star # 20421), Anthony Wronkowski (Star # 20666), Michael Cummings (Star # 21012) and Christine Nere (Star # 21076), caused Plaintiff to be deprived of his liberty without probable cause and subjected improperly to judicial proceedings for which there was no probable cause and no true facts to support the charges and indictment. These unlawful judicial proceedings were instituted and continued maliciously, resulting in injury.

34. The misconduct by Defendants, Karen Murphy (Star # 20421), Anthony Wronkowski (Star # 20666), Michael Cummings (Star # 21012) and Christine Nere (Star # 21076), described in this Count were objectively unreasonable and was undertaken intentionally, and with malice.

35. Defendants, Karen Murphy (Star # 20421), Anthony Wronkowski (Star # 20666), Michael Cummings (Star # 21012) and Christine Nere (Star # 21076), were Chicago Police Officers, joined in the conspiracy and unlawfully charged the Plaintiff with a crime even though they knew that Plaintiff did not commit a crime and they knew that no order of protection existed at the time they alleged.

36. Defendants, Karen Murphy (Star # 20421), Anthony Wronkowski (Star # 20666), Michael Cummings (Star # 21012) and Christine Nere (Star # 21076), joined in the conspiracy and ratified the misconduct set forth in, this complaint and, continued to act unlawfully and in violation of Illinois Statutes and Illinois Supreme Court Rules, perpetuated and continued

Plaintiff's unconstitutional deprivation of liberty through the date of his unlawful incarceration.

37. Defendants, Karen Murphy (Star # 20421), Anthony Wronkowski (Star # 20666), Michael Cummings (Star # 21012) and Christine Nere (Star # 21076), joined in the conspiracy and continued to act unlawfully and perpetuated and continued Plaintiff's unconstitutional deprivation of liberty through the date of his unlawful incarceration.

38. As a result of the Defendants' intentional or willful and wanton misconduct described in this Complaint, Plaintiff suffered loss of liberty, great mental anguish, humiliation, degradation, physical and emotional pain and suffering, and other grievous and continuing injuries and damages.

39. Most importantly from the Defendants' intentional or willful and wanton misconduct which caused Plaintiff, James Dolis, to unlawfully serve and to be imprisoned for an additional six year term in the inhumane conditions in the prison where Plaintiff served his unlawful term of imprisonment, caused Plaintiff, James Dolis to acquire squamous cell carcinoma of his right nostril and caused James Dolis to suffer extreme and severe pain and to become physically disfigured and to suffer severe emotional distress and shortened his life because in April of 2017, Plaintiff's cancer was diagnosed.

**COUNT III**

**42 U.S.C. § 1983 Violation of the Fifth and Fourteenth Amendments, Coerced Plea of Guilty Against ASA Defendants**

40. Each paragraph of this Complaint is incorporated as if restated fully herein.

41. In the manner described more fully above, Defendants, ASA Marcelle Le Compte and ASA Elizabeth Kent were assistant state attorneys that unlawfully prosecuted Plaintiff and acting individually and in concert, as well as under color of law and within the scope of their

employment, violated Plaintiff's Fifth and Fourteenth Amendment rights not to be forced to incriminate himself by coercing false confessions and false pleas of guilty that they claimed came from the Plaintiff.

42. These coerced and false confessions and / or guilty pleas were then used by these Defendants to secure the unlawful prosecution, conviction and imprisonment of Plaintiff.

43. As a result of the misconduct described in this Count, Plaintiff suffered injuries as set forth above, including but not limited to loss of liberty, physical harm, and emotional distress.

44. As a result of the Defendants' intentional or willful and wanton misconduct described in this Complaint, Plaintiff suffered loss of liberty, great mental anguish, humiliation, degradation, physical and emotional pain and suffering, and other grievous and continuing injuries and damages.

45. Most importantly from the Defendants' intentional or willful and wanton misconduct which caused Plaintiff, James Dolis, to unlawfully serve and to be imprisoned for an additional six year term in the inhumane conditions in the prison where Plaintiff served his unlawful term of imprisonment, caused Plaintiff, James Dolis to acquire squamous cell carcinoma of his right nostril and caused James Dolis to suffer extreme and severe pain and to become physically disfigured and to suffer severe emotional distress and shortened his life because in April of 2017, Plaintiff's cancer was diagnosed.

**COUNT IV**

**42 U.S.C. § 1983 Violation of the Fourth and Fourteenth Amendments, Malicious Prosecution Against ASA Defendants**

46. Each paragraph of this Complaint is incorporated as if restated fully herein.

47. In the manner described more fully above, Defendants, ASA Marcelle Le Compte and ASA Elizabeth Kent, acting individually and in concert, as well as under color of law and within the scope of their employment, violated Plaintiff's rights by pursuing a malicious prosecution against Plaintiff that caused him to be deprived of his freedom.

48. The Defendants accused Plaintiff of criminal activity knowing those accusations to be without genuine probable cause, and they made statements to the judges with the intent of exerting influence and to institute and continue the judicial proceedings.

49. The Defendants caused Plaintiff to be improperly subjected to judicial proceedings for which there was no probable cause. These judicial proceedings were instituted and continued maliciously, resulting in injury.

50. Statements of the Defendants regarding Plaintiff's alleged culpability were made with knowledge that said statements were false and perjured. The Defendants were aware that, as described more fully above, no true or reliable evidence implicated Plaintiff in the alleged felony violation of order of protection and alleged harassing communication with alleged victims and witnesses e and all inculpatory evidence was coerced and fabricated. Furthermore, the Defendants intentionally withheld from and misrepresented to the trial court facts that further vitiated probable cause against Plaintiff, as set forth above, and failed to investigate evidence that would have led to the conclusion that no valid order of protection existed. The Defendants withheld the facts of their manipulation and the resulting fabrications from the trial court, the Plaintiff, and his defense counsel.

51. The misconduct described in this Count was undertaken intentionally, with malice, willfulness, and reckless indifference to the rights of others.

52. This malicious prosecution was a cause of the prosecution and sentencing and imprisonment of Plaintiff.

53. On or about August 24, 2019, the prosecution terminated in Plaintiff's favor when his conviction was vacated and the charges were nolle prosequi and too much time has passed to re-file any charges against Plaintiff.

54. As a result of the Defendants' intentional or willful and wanton misconduct described in this Complaint, Plaintiff suffered loss of liberty, great mental anguish, humiliation, degradation, physical and emotional pain and suffering, and other grievous and continuing injuries and damages.

55. Most importantly from the Defendants' intentional or willful and wanton misconduct which caused Plaintiff, James Dolis, to unlawfully serve and to be imprisoned for an additional six year term in the inhumane conditions in the prison where Plaintiff served his unlawful term of imprisonment, caused Plaintiff, James Dolis to acquire squamous cell carcinoma of his right nostril and caused James Dolis to suffer extreme and severe pain and to become physically disfigured and to suffer severe emotional distress and shortened his life because in April of 2017, Plaintiff's cancer was diagnosed.

## COUNT V

## 42 U.S.C. § 1983 Monell Claim for Unconstitutional Custom or Policy Against Defendant CITY OF CHICAGO, IL

56. Each paragraph of this Complaint is incorporated as if restated fully herein.

57. The policies, practices and customs of City of Chicago and its police department, as set forth above, both individually and together, were maintained and implemented with deliberate

indifference, encouraged, inter alia, the fabrication, manipulation, coercion, and suggestion of defendants, witnesses and other evidence, the making of false statements and reports, the giving of false testimony, the suppression of exculpatory evidence, and the pursuit and continuation of wrongful convictions and false arrests and imprisonments, and were, separately and together, a direct and proximate cause of the unconstitutional acts committed by the named defendants and the injuries suffered by the Plaintiff.

58. Additionally, said failure to properly train, discipline, monitor, control, supervise, and counsel the police defendants was done with deliberate indifference and likewise acted as a direct and proximate cause of the injuries to Plaintiff.

59. These policies, practices and customs of the City of Chicago and its police department were a moving force behind the violations of Plaintiff's constitutional rights.

60. As a result of the City of Chicago unlawful policies , practices and customs, alleged in this Complaint, Plaintiff suffered loss of liberty, great mental anguish, humiliation, degradation, physical and emotional pain and suffering, and other grievous and continuing injuries and damages.

61. Most importantly from City of Chicago unlawful policies , practices and customs, and its police officers' intentional or willful and wanton misconduct which caused Plaintiff, James Dolis, to unlawfully serve and to be imprisoned for an additional six year term in the inhumane conditions in the prison where Plaintiff served his unlawful term of imprisonment, caused Plaintiff, James Dolis to acquire squamous cell carcinoma of his right nostril and caused James Dolis to suffer extreme and severe pain and to become physically disfigured and to suffer severe emotional distress and shortened his life because in April of 2017, Plaintiff's cancer was

diagnosed.

**Count VI - Respondeat Superior against CITY OF CHICAGO**

62. Each paragraph of this Complaint is incorporated as if restated fully herein.

63. In committing the acts alleged in the preceding paragraphs, each of the Defendants, Karen Murphy (Star # 20421), Anthony Wronkowski (Star # 20666), Michael Cummings (Star # 21012) and Christine Nere (Star # 21076), were employees or agents of the Chicago Police Department, acting at all relevant times within the scope of their employment.

64. Defendant, City of Chicago, is liable as principal for all torts in violation of law committed by its employees or agents within the scope of their employment.

**Count VII - Respondeat Superior against COOK COUNTY**

65. Each paragraph of this Complaint is incorporated as if restated fully herein.

66. In committing the acts alleged in the preceding paragraphs, each of the Defendant, Judge James D. Egan, and the judges after Defendant, Judge James D. Egan, Defendant and Defendants, ASA Marcelle Le Compte and ASA Elizabeth Kent, were employees or agents of Cook County, Illinois, acting at all relevant times within the scope of their employment.

67. Defendant, Cook County, Illinois, is liable as principal for all torts in violation of law committed by its employees or agents within the scope of their employment.

**Count VIII - Indemnification - CITY OF CHICAGO**

68. Each paragraph of this Complaint is incorporated as if restated fully herein.

69. Illinois law provides that public entities are directed to pay any tort judgment for compensatory damages for which employees are liable within the scope of their employment.

70. At all relevant times the Defendants, Karen Murphy (Star # 20421), Anthony

Wronkowski (Star # 20666), Michael Cummings (Star # 21012) and Christine Nere (Star # 21076), were employees of the City of Chicago through the Chicago Police Department who acted within the scope of their employment in committing the misconduct described herein.

**Count IX - Indemnification - CITY OF CHICAGO**

71. Each paragraph of this Complaint is incorporated as if restated fully herein.

72. Illinois law provides that public entities are directed to pay any tort judgment for compensatory damages for which employees are liable within the scope of their employment.

73. At all relevant times the Defendant, Judge James D. Egan, and the judges after Defendant, Judge James D. Egan, Defendant and Defendants, ASA Marcelle Le Compte and ASA Elizabeth Kent, were employees of Cook County, Illinois who acted within the scope of their employment in committing the misconduct described herein.

**JURY DEMAND**

Plaintiff, James Dolis, hereby demands a trial by jury pursuant to Federal Rule of Civil Procedure 38(b) on all issues so triable.

WHEREFORE, Plaintiff, James Dolis, prays as follows:

A. That the Court award compensatory damages to Plaintiff and against all Defendants, jointly and severally, in an amount to be determined at trial;

B. That the Court award punitive damages to Plaintiff against all individual Defendants, in an amount to be determined at trial, that will deter such conduct by defendants in the future;

C. For a trial by jury;

D. For pre-judgment and post-judgment interest and recovery of Plaintiff's costs,

        including reasonable attorneys' fees pursuant to 42 U.S.C. §1988 for all 42 U.S.C. §1983 claims; and

E.     For any and all other relief to which Plaintiff may be entitled.

Dated: January 29, 2021                    Respectfully Submitted,

                                                              James J. Macchitelli

Attorney Number: 6208773 - Illinois
James J. Macchitelli
Attorney for Plaintiff
1051 Perimeter Drive, Suite 400
Schaumburg, Illinois 60173
847-414-4532
Jimmymacclaw@gmail.com