## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| JAMES DOLIS, | ) | |
| | ) | |
| Plaintiff, | ) | No. 1:21-cv-00550 |
| | ) | |
| v. | ) | |
| | ) | |
| KAREN MURPHY, et al., | ) | |
| | ) | |
| Defendants. | ) | |

### DEFENDANT OFFICERS' ANSWER AND AFFIRMATIVE DEFENSES
### TO PLAINTIFF'S AMENDED COMPLAINT

Defendants Karen Murphy, Anthony Wronkowski, Michael Cummings and Christine Nere (collectively, "Defendant Officers"), by and through their attorneys, Nathan & Kamionski LLP, and for their Answer and Affirmative Defenses to Plaintiff's Amended Complaint state as follows:

### FACTS

1.      On or about April 21, 1999, Plaintiff, James Dolis, was indicted for three felony counts of communicating with a witness and three felony counts of violation of an order of protection (1999CR09658, 1999CR09659, and 1999CR09660).

**ANSWER:    Upon information and belief, Defendant Officers admit the allegations in this paragraph.**

2.      During February of 1999 and in an intentional or willful and wanton manner, Defendants, Karen Murphy (Star # 20421), Anthony Wronkowski (Star # 20666), Michael Cummings (Star # 21012) and Christine Nere (Star # 21076), provided an order of protection to Assistant State Attorneys when each knew that the order of protection that they provided to Assistant State Attorneys was vacated one year prior.

**ANSWER:    Defendant Officers deny the allegations in this paragraph.**

3.     Defendants, Karen Murphy (Star # 20421), Anthony Wronkowski (Star # 20666), Michael Cummings (Star # 21012) and Christine Nere (Star # 21076), knowingly provided false information and false statements and false order of protection to Assistant State Attorneys that they knew would be relied on and was relied on to obtain and to file an indictment against Plaintiff, James Dolis, for felony violation of order of protection.

**ANSWER:    Defendant Officers deny the allegations in this paragraph.**

4.     Most important was that at the alleged time of Plaintiff's offense alleged that he violated an order of protection, no valid and enforceable order of protection existed and Defendants, Karen Murphy (Star # 20421), Anthony Wronkowski (Star # 20666), Michael Cummings (Star # 21012) and Christine Nere (Star # 21076), knew that the order of protection that they presented to the Assistant State Attorneys was vacated one year prior.

**ANSWER:    Defendant Officers deny the allegations in this paragraph.**

5.     The order of protection that was provided to Assistant State Attorneys by Defendants, Karen Murphy (Star # 20421), Anthony Wronkowski (Star # 20666), Michael Cummings (Star # 21012) and Christine Nere (Star # 21076), was issued in case number 1997 JA 3271, but, was terminated in 1998.

**ANSWER:    Upon information and belief, Defendant Officers deny the allegations in this paragraph.**

6.     All these Chicago Police Officers, Defendants, Karen Murphy (Star # 20421), Anthony Wronkowski (Star # 20666), Michael Cummings (Star # 21012) and Christine Nere (Star # 21076), conspired together to violate Plaintiff's Constitutional rights and provided the Assistant State Attorneys with an order of protection that they knew was vacated and then lied after they were sworn and agreed to tell the truth and falsely claimed that the order of protection was valid

2

when they knew it was vacated.

**ANSWER:   Defendant Officers deny the allegations in this paragraph.**

7.     On or about September 10, 2003, the three consolidated cases (1999CR09658, 1999CR09659, and 1999CR09660) were set for trial and Plaintiff's appointed defense attorney was not ready for trial as Plaintiff's appointed defense attorney had no witnesses set to appear and Plaintiff's appointed defense attorney had no evidence.

**ANSWER:   Upon information and belief, Defendant Officers admit that on or about September 10, 2003, the three consolidated cases (99CR0965801, 99CR0965901 and 99CR096601) were set for trial. Defendant Officers lack knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in this paragraph.**

8.     Plaintiff's assigned judge refused to grant Plaintiff, James Dolis, a continuance, and forced Plaintiff to plead guilty and thereafter refused to vacate Plaintiff's guilty pleas.

**ANSWER:   Upon information and belief, Defendant Officers admit that on September 10, 2003, Plaintiff's assigned judge, Judge Egan, denied Plaintiff's request for a continuance. Answering further, upon information and belief, Defendant Officers deny that Judge Egan forced Plaintiff to plead guilty. Upon information and belief, Defendant Officers admit that on January 16, 2004, Judge Egan denied Plaintiff's motion to withdraw his guilty plea.**

9.     On or about September 10, 2003, Plaintiff, James Dolis pled guilty in three consolidated cases (1999CR09658, 1999CR09659, and 1999CR09660) to three counts of communicating with and harassing a witness and three counts of violating an order of protection and was sentenced to 5 years IDOC and 3 years IDOC, to run concurrently.

3

**ANSWER:   Upon information and belief, Defendant Officers admit that on or about September 10, 2003, Plaintiff, in three consolidated cases (99CR0965801, 99CR0965901, 99CR966001), pled guilty to three counts of "communicating with a witness," for which Plaintiff was sentenced to "five years Illinois Department of Corrections ["IDOC"]," and pled guilty to three counts of "felony violation of an order of protection," for which Plaintiff was sentenced to "three years IDOC," those sentences "to run concurrently together."**

10.     The Plaintiff's plea of guilty was taken in judge's office and not in public inside the courtroom which violated Supreme Court Rule 402.  Further, the judge failed to admonish Plaintiff pursuant to Supreme Court Rule 402 as judge did not address James Dolis in court; did not advise James Dolis of the minimum penalty nor the maximum penalty; judge did not determine if the plea was voluntary; nor did judge state the plea agreement in court nor did judge confirm the term of the plea.

**ANSWER:   Upon information and belief, Defendant Officers admit Plaintiff's guilty plea occurred in judge's chambers and not in open court. Defendant Officers deny the remaining allegations in this paragraph.**

11.     Plaintiff, James Dolis, filed for post-conviction relief which was heard by and denied and was continued to be prosecuted by ASA Marcelle Le Compte, ASA Elizabeth Kent and Cook County, Illinois.

**ANSWER:   Upon information and belief, Defendant Officers admit Plaintiff filed for post-conviction relief. Answering further, Defendant Officers lack knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in this paragraph.**

12.     On January 29, 2019, in Case # 1-17-0234, the First District Appellate Court vacated the guilty pleas of Plaintiff, James Dolis, in the three consolidated cases (1999CR09658, 1999CR09659, and 1999CR09660), and further, invalidated and vacated the "Order of Protection" that was unlawfully imposed in conjunction with the sentence imposed.

**ANSWER:    Upon information and belief, Defendant Officers admit that, on January 29, 2019, in Case Number 1-17-0234, the First District Appellate Court issued a Rule 23 Order and refer to the published Order in *People v. Dolis*, 2019 IL App (1st) 170234-U for its substantive rulings. Defendant Officers deny any allegations inconsistent with that Order.**

13.     In case number 1-17-0234, the First District Appellate Court held that because the trial court did not comply with Supreme Court Rule 402's numerous provisions requiring proceedings to occur in open court and ruled that Plaintiff's guilty pleas were vacated in the three consolidated cases (1999CR09658, 1999CR09659, and 1999CR09660), and, the accompanying sentences (5 years and three years concurrent) were also vacated and the matter was remanded to the trial court.

**ANSWER:    Upon information and belief, Defendant Officers admit that, in Case Number 1-17-0234, the First District Appellate Court issued a Rule 23 Order and refer to the published Order in *People v. Dolis*, 2019 IL App (1st) 170234-U for its substantive rulings. Defendant Officers deny any allegations inconsistent with that Order.**

14.     On or about August 29, 2019, all of the charges against Plaintiff, James Dolis, in the three consolidated cases (1999CR09658, 1999CR09659, and 1999CR09660) were nolle prosequi and many, many days have passed so the nolle prosequi now is a dismissal with prejudice.

**ANSWER:    Upon information and belief, Defendant Officers admit that, on or**

about July 15, 2019, the Court granted the State's nolle prosequi motions, dismissing charges against Plaintiff from the three consolidated cases. **Defendant Officers lack knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in this paragraph.**

15.     Plaintiff, James Dolis, unnecessarily served the 5 year prison terms and the 3 year prison terms, concurrently, and Plaintiff served an additional year unnecessarily in another felony case where James Dolis was charged with violating that order of protection that the First District Appellate Court deemed invalid.

**ANSWER:     Defendant Officers deny engaging in the misconduct alleged by Plaintiff and, therefore, deny the allegations in this paragraph.**

16.     Plaintiff's violation of the order of protection in case # 2009 CR 0685801 was also vacated which meant Plaintiff unnecessarily served another year prison term unnecessarily and unlawfully which violated Plaintiff's Constitutional right not to be seized and imprisoned when no crime was committed.

**ANSWER:     Defendant Officers deny engaging in the misconduct alleged by Plaintiff and, therefore, deny the allegations in this paragraph.**

17.     Further, since the order of protection was declared invalid by the First District Appellate Court, Plaintiff unlawfully was caused to serve six years in the Illinois Department of Corrections.

**ANSWER:     Defendant Officers deny engaging in the misconduct alleged by Plaintiff and, therefore, deny the allegations in this paragraph.**

18.     Thus, Plaintiff, James Dolis, seeks justice for the harm that the Defendants have caused the Plaintiff and Plaintiff seeks redress for the loss of liberty and the terrible hardship that

Plaintiff has endured and continues to suffer as a result of the Defendants' misconduct and repeated violations of Plaintiff's Constitutional right to "Due Process," and the Constitutional right not to be unlawfully seized and jailed without a crime being committed and deprivation of liberty without probable cause.

**ANSWER: Defendant Officers deny engaging in the misconduct alleged by Plaintiff and, therefore, deny the allegations in this paragraph.**

## JURISDICTION

19. This action is brought pursuant to 42 U.S.C. §1983 and Illinois law to redress the Defendants' tortious conduct and their deprivation of Plaintiff's rights secured by the U.S. Constitution.

**ANSWER: Defendant Officers admit that Plaintiff brings this action pursuant to 42 U.S.C. §1983 but deny that Plaintiff has brought claims under Illinois law. Answering further, Defendant Officers deny that they engaged in the tortious conduct alleged by Plaintiff and deny that they violated Plaintiff's rights causing him damages.**

20. This Court has subject matter jurisdiction over this action under 28 U.S.C. § 1331 as a matter arising under 42 U.S.C. § 1983 and the Fourteenth Amendment to the United States Constitution, and under 28 U.S.C. § 1343 as a civil action authorized by law to redress the deprivation of Plaintiff's rights under color of state law.

**ANSWER: Defendant Officers admit that the Court has jurisdiction over this matter.**

21. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2) because the acts giving rise to Plaintiffs' claims occurred in Cook County, Illinois which is located in the Northern District of Illinois, Eastern Division.

**ANSWER:** **Defendant Officers admit that venue is proper.**

## PARTIES

22. Plaintiff, James Dolis, is an individual citizen of the United States of America and the State of Illinois who was wrongfully incarcerated for a five year term and one year term in the Illinois Department of Corrections and was unlawfully forced to serve six years in prison.

**ANSWER:** **Defendant Officers admit, upon information and belief, that Plaintiff is a citizen of the United States of America. Answering further, Defendant Officers lack knowledge or information sufficient to form a belief as to the truth or falsity as to Plaintiff being a citizen of Illinois. Defendant Officers deny the remaining allegations in this paragraph.**

23. Defendants, Karen Murphy (Star # 20421), Anthony Wronkowski (Star # 20666), Michael Cummings (Star # 21012) and Christine Nere (Star # 21076), were Chicago Police Officers, that acted under the color of state law at all times relevant to this Complaint.

**ANSWER:** **Defendant Officers admit the allegations in this paragraph.**

24. Defendants, ASA Marcelle Le Compte, ASA Elizabeth Kent were assistant state [sic]

**ANSWER:** **The allegations set forth in this paragraph are incomplete. To the extent that Plaintiff intended to allege that Marcelle Le Compte and Elizabeth Kent were, at some point, Cook County Assistant State's Attorneys, Defendant Officers, upon information and belief, admit that allegation.**

25. Cook County, Illinois and City of Chicago are municipal Defendants that are responsible for the wrongful conduct of the other named Defendants.

**ANSWER:** **Cook County and the City of Chicago have been dismissed from this**

action.  (*See* **June 11, 2025, Order, dkt. 65**)  **To the extent this paragraph is alleged against Defendant Officers, Defendant Officers deny engaging in the wrongful conduct alleged by Plaintiff and deny the remaining allegations set forth in this paragraph.**

## COUNT I[1]

**42 U.S.C. § 1983 Violation of the Fourteenth Amendment for Deprivation of Liberty without Due Process of Law, without Probable Cause and Denial of a Fair Trial through procedures that do not comply with Illinois Statute**

26.     Plaintiff incorporates each paragraph of this complaint as if fully restated here.

**ANSWER:     Defendant Officers repeat and reallege their answers to the paragraphs of this Amended Complaint as if fully set forth herein.**

27.     In the manner described above, the Defendants, individually, jointly, and in conspiracy with one another, as well as under color of law and within the scope of their employment, accused Plaintiff of criminal activity and exerted influence to initiate, continue, and perpetuate judicial proceedings against him without any probable cause for doing so and in spite of the fact that they knew he was innocent, in violation of his rights secured by the Fourth, Fifth and Fourteenth Amendments.

**ANSWER:     Defendant Officers deny the allegations in this paragraph.**

28.     Defendants, Karen Murphy (Star # 20421), Anthony Wronkowski (Star # 20666), Michael Cummings (Star # 21012) and Christine Nere (Star # 21076), conspired together to violate Plaintiff's Constitutional rights and provided the Assistant State Attorneys with an order of protection that they knew was vacated and then lied after they were sworn and agreed to tell the truth and falsely claimed that the order of protection was valid when they knew it was vacated.

---

[1] Any Fourth Amendment claim set forth in Count I has been dismissed in this matter.  (*See* June 11, 2025, Order, dkt. 65).

**ANSWER:** **Defendant Officers deny the allegations in this paragraph.**

29.     In so doing, the Defendants caused Plaintiff to be deprived of his liberty without probable cause and subjected improperly to judicial proceedings for which there was no probable cause. These judicial proceedings were instituted and continued maliciously, resulting in injury.

**ANSWER:** **Defendant Officers deny the allegations in this paragraph.**

30.     The misconduct described in this Count was objectively unreasonable and was undertaken intentionally, and with malice.

**ANSWER:** **Defendant Officers deny the allegations in this paragraph.**

31.     Defendants, Karen Murphy (Star # 20421), Anthony Wronkowski (Star # 20666), Michael Cummings (Star # 21012) and Christine Nere (Star # 21076), were Chicago Police Officers, joined in the conspiracy and unlawfully provided false evidence through presenting an order of protection that they knew was withdrawn and vacated and charged the Plaintiff with a crime for violating that order of protection that they knew was vacated and non-existent even though they knew that Plaintiff did not commit a crime and they knew that no order of protection existed at the time they alleged.

**ANSWER:** **Defendant Officers deny the allegations in this paragraph.**

32.     Defendants, Karen Murphy (Star # 20421), Anthony Wronkowski (Star # 20666), Michael Cummings (Star # 21012) and Christine Nere (Star # 21076), joined in the conspiracy and ratified the misconduct set forth in, this complaint and, continued to act unlawfully and in violation of Illinois Statutes and Illinois Supreme Court Rules, perpetuated and continued Plaintiff's unconstitutional deprivation of liberty through the date of his unlawful incarceration.

**ANSWER:** **Defendant Officers deny the allegations in this paragraph.**

33.     The Plaintiff's prosecutors, Defendants, ASA Marcelle Le Compte, ASA Elizabeth

Kent, joined in the conspiracy and knowingly investigated the order of protection and during this investigation knew that the order of protection they used to prosecute Plaintiff was vacated and void.

**ANSWER: Defendant Officers deny engaging in a conspiracy and, therefore, deny the allegations in this paragraph.**

34. After their investigation provided proof that the order or protection was vacated, Plaintiff's prosecutors, Defendants, ASA Marcelle Le Compte, ASA Elizabeth Kent, ratified the misconduct set forth in, this complaint and, continued to act unlawfully and in violation of Illinois Statutes and Illinois Supreme Court Rules, perpetuated and continued Plaintiff's unconstitutional deprivation of liberty through the date of his unlawful incarceration.

**ANSWER: Defendant Officers deny the allegations set forth in this paragraph to the extent they are directed against them. .**

35. As a result of the Defendants' intentional or willful and wanton misconduct described in this Complaint, Plaintiff suffered loss of liberty, great mental anguish, humiliation, degradation, physical and emotional pain and suffering, and other grievous and continuing injuries and damages.

**ANSWER: Defendant Officers deny the allegations in this paragraph.**

36. Most importantly from the Defendants' intentional or willful and wanton misconduct which caused Plaintiff, James Dolis, to unlawfully serve and to be imprisoned for an additional six year term in the inhumane conditions in the prison where Plaintiff served his unlawful term of imprisonment, caused Plaintiff, James Dolis to acquire squamous cell carcinoma of his right nostril and caused James Dolis to suffer extreme and severe pain and to become physically disfigured and to suffer severe emotional distress and shortened his life because in April of 2017,

Plaintiff's cancer was diagnosed.

**ANSWER:   Defendant Officers deny the allegations in this paragraph.**

## COUNT II[2]

**42 U.S.C. § 1983 Violation of the Fourteenth Amendment for Deprivation of Liberty without Due Process of Law, without Probable Cause**

37.   Plaintiff incorporates each paragraph of this complaint as if fully restated here.

**ANSWER:   Defendant Officers repeat and reallege their answers to the paragraphs of this Amended Complaint as if fully set forth herein.**

38.   In the manner described above, Defendants, Karen Murphy (Star # 20421), Anthony Wronkowski (Star # 20666), Michael Cummings (Star # 21012) and Christine Nere (Star # 21076), individually, jointly, and in conspiracy with one another, as well as under color of law and within the scope of their employment as police officer with City of Chicago, accused Plaintiff of criminal activity and exerted influence to initiate, continue, and perpetuate felony indictments to be issued unlawfully against the Plaintiff without any probable cause for doing so and with knowing false allegations provided and in spite of the fact that they knew he was innocent, in violation of his rights secured by the Fourth, Fifth and Fourteenth Amendments.

**ANSWER:   Defendant Officers deny the allegations in this paragraph.**

39.   Defendants, Karen Murphy (Star # 20421), Anthony Wronkowski (Star # 20666), Michael Cummings (Star # 21012) and Christine Nere (Star # 21076), were Chicago Police Officers, joined in the conspiracy and unlawfully provided false evidence through presenting an order of protection that they knew was withdrawn and vacated and charged the Plaintiff with a crime for violating that order of protection that they knew was vacated and non-existent even

---

[2] Any Fourth Amendment claim set forth in Count II has been dismissed in this matter. (*See* June 11, 2025, Order, dkt. 65).

though they knew that Plaintiff did not commit a crime and they knew that no order of protection existed at the time they alleged.

> **ANSWER:** **Defendant Officers deny the allegations in this paragraph.**

40.     In so doing, the Defendants, Karen Murphy (Star # 20421), Anthony Wronkowski (Star # 20666), Michael Cummings (Star # 21012) and Christine Nere (Star # 21076), caused Plaintiff to be deprived of his liberty without probable cause and subjected improperly to judicial proceedings for which there was no probable cause and no true facts to support the charges and indictment. These unlawful judicial proceedings were instituted and continued maliciously, resulting in injury.

> **ANSWER:** **Defendant Officers deny the allegations in this paragraph.**

41.     The misconduct by Defendants, Karen Murphy (Star # 20421), Anthony Wronkowski (Star # 20666), Michael Cummings (Star # 21012) and Christine Nere (Star #21076), described in this Count were objectively unreasonable and was undertaken intentionally, and with malice.

> **ANSWER:** **Defendant Officers deny the allegations in this paragraph.**

42.     Defendants, Karen Murphy (Star # 20421), Anthony Wronkowski (Star # 20666), Michael Cummings (Star # 21012) and Christine Nere (Star # 21076), were Chicago Police Officers, joined in the conspiracy and unlawfully charged the Plaintiff with a crime even though they knew that Plaintiff did not commit a crime and they knew that no order of protection existed at the time they alleged.

> **ANSWER:** **Defendant Officers deny the allegations in this paragraph.**

43.     Defendants, Karen Murphy (Star # 20421), Anthony Wronkowski (Star # 20666), Michael Cummings (Star # 21012) and Christine Nere (Star # 21076), joined in the conspiracy

and ratified the misconduct set forth in, this complaint and, continued to act unlawfully and in violation of Illinois Statutes and Illinois Supreme Court Rules, perpetuated and continued Plaintiff's unconstitutional deprivation of liberty through the date of his unlawful incarceration.

**ANSWER:    Defendant Officers deny the allegations in this paragraph.**

44.    Defendants, Karen Murphy (Star # 20421), Anthony Wronkowski (Star # 20666), Michael Cummings (Star # 21012) and Christine Nere (Star # 21076), joined in the conspiracy and continued to act unlawfully and perpetuated and continued Plaintiff's unconstitutional deprivation of liberty through the date of his unlawful incarceration.

**ANSWER:    Defendant Officers deny the allegations in this paragraph.**

45.    As a result of the Defendants' intentional or willful and wanton misconduct described in this Complaint, Plaintiff suffered loss of liberty, great mental anguish, humiliation, degradation, physical and emotional pain and suffering, and other grievous and continuing injuries and damages.

**ANSWER:    Defendant Officers deny the allegations in this paragraph.**

46.    Most importantly from the Defendants' intentional or willful and wanton misconduct which caused Plaintiff, James Dolis, to unlawfully serve and to be imprisoned for an additional six year term in the inhumane conditions in the prison where Plaintiff served his unlawful term of imprisonment, caused Plaintiff, James Dolis to acquire squamous cell carcinoma of his right nostril and caused James Dolis to suffer extreme and severe pain and to become physically disfigured and to suffer severe emotional distress and shortened his life because in April of 2017, Plaintiff's cancer was diagnosed.

**ANSWER:    Defendant Officers deny the allegations in this paragraph.**

**COUNT III**

14

**42 U.S.C. § 1983 Violation of the Fifth and Fourteenth Amendments,
Coerced Plea of Guilty Against ASA Defendants**

Dismissed.

**ANSWER:** This Count merely states "Dismissed", apparently in reference to the Court's March 28, 2023 Order granting the County Defendants' motion and dismissing this claim. (*See* **March 28, 2023 Order, dkt. 44**). Defendant Officers admit this Count has been dismissed and deny any remaining allegations to the extent they are directed against them.

## COUNT IV

**42 U.S.C. § 1983 Violation of the Fourth and Fourteenth Amendments,
Malicious Prosecution Against ASA Defendants**

*Count IV of Plaintiff's Amended Complaint has been dismissed with prejudice in this matter pursuant to the Court's order on Defendants' respective motions to dismiss. (See June 11, 2025, Order, dkt. 65).*

## COUNT V

**42 U.S.C. § 1983 Monell Claim for Unconstitutional Custom or Policy
Against Defendant CITY OF CHICAGO, IL**

*Count V of Plaintiff's Amended Complaint has been dismissed with prejudice in this matter pursuant to the Court's order on Defendants' respective motions to dismiss. (See June 11, 2025, Order, dkt. 65).*

## AFFIRMATIVE DEFENSES

Defendant Officers, without prejudice to their denials and all other statements in their

answer, for their affirmative defenses to Plaintiff's Amended Complaint, state:

1. At all times material to the events alleged in Plaintiff's Amended Complaint, the conduct of Defendants was objectively reasonable and did not violate any of Plaintiff's clearly established Constitutional rights. Defendant Officers were government officials who performed discretionary functions in the course of their work. A reasonable police officer objectively viewing the facts and circumstances that confronted Defendant Officers could have believed that their actions were lawful in light of clearly established law and the information that they possessed. Accordingly, Defendants are entitled to the defense of Qualified Immunity.

2. To the extent Plaintiff failed to mitigate any of his claimed injuries or damages, any verdict or judgment obtained by Plaintiff must be reduced. Plaintiff has a duty to mitigate his damages. If Plaintiff failed to do so, the reduction of any verdict or judgment obtained by Plaintiff must be commensurate with the degree Plaintiff failed to mitigate, a determination to be attributed by the jury in this case.

3. To the extent that any injuries or damages claimed by Plaintiff against Defendants were caused in whole or in part by negligent, willful and wanton, and intentional conduct of Plaintiff, even if Defendants are liable in damages, the total amount of damages to which Plaintiff would otherwise be entitled must be reduced by application of the principle of comparative fault. Under this principle, any damages Plaintiff would otherwise be entitled to must be reduced in proportion to the amount of the negligent, willful and wanton, and intentional conduct of Plaintiff which were the proximate cause of his injuries. In addition, at the time of the allegations in Plaintiff's Complaint, 735 ILCS5/2-1116 was in effect which reduces a plaintiff's recovery according to his contributory negligence and bars his recovery entirely when a plaintiff is more than fifty percent of the proximate cause of the injury or damage for which recovery is sought.

4.    Defendants are absolutely immune from liability for any testimony they may have given in Plaintiff's underlying criminal case, including testimony before a grand jury, if applicable. *See Briscoe v. LaHue*, 460 U.S. 325 (1983); *see also Rehberg v. Paulk*, 566 U.S. 356, 375 (2012).

5.    To the extent any of Plaintiff's federal claims brought pursuant to 42 U.S.C. § 1983 accrued more than two years prior to the institution of suit, Plaintiff's claims are time-barred by the two-year statute of limitations applicable to actions brought pursuant to 42 U.S.C. § 1983.

6.    Plaintiff's claims as asserted are barred by the doctrines of waiver, judicial estoppel, collateral estoppel, and/or *res judicata* to the extent applicable.

## **JURY DEMAND**

Defendant Officers hereby respectfully request a trial by jury pursuant to Federal Rule of Civil Procedure 38(b) for all issues so triable.

Respectfully submitted,

*/s/ Theo Noparstak*
Shneur Nathan, Avi Kamionski,
Natalie Adeeyo, and Theo Noparstak
Special Assistant Corporation Counsel
Nathan & Kamionski LLP
206 South Jefferson Street
Chicago, IL 60661
(312) 612-2255
theo@nklawllp.com

*Attorneys for Defendant Officers*

**CERTIFICATE OF SERVICE**

I, Theo Noparstak, an attorney, hereby certify that I have caused the foregoing document to be filed with the Court's CM/ECF system, which provided electronic notice and a copy of the same to all counsel of record.


/s/ Theo Noparstak