IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| JAMES DOLIS, | ) | Case No. 1:21-cv-00550 |
| | ) | |
| Plaintiff, | ) | Hon. John J. Tharp, Jr |
| | ) | District Judge |
| v. | ) | |
| | ) | Hon. Beth W. Jantz |
| KAREN MURPHY, et al., | ) | Magistrate Judge |
| | ) | |
| Defendants. | ) | |

**DEFENDANT OFFICERS' MOTION TO COMPEL PLAINTIFF JAMES DOLIS' RESPONSES TO DISCOVERY**

Defendants Karen Murphy, Anthony Wronkowski, Michael Cummings and Christine Nere (hereinafter "Defendant Officers"), by and through their undersigned counsel, respectfully move this Court for an order compelling Plaintiff James Dolis ("Plaintiff") to provide responses to Defendant Officers' interrogatories, requests for production of documents, and requests for admission. In support thereof, Defendant Officers state as follows:

1. On July 9, 2025, the Parties attended a status hearing where the Court adopted the Parties' agreed discovery schedule. Dkt. 69.

2. At that status hearing, the Court made clear the Parties "should not expect that an extension of discovery will be granted." *See* Dkt. 69.

3. On July 11, 2025, the Court issued a minute order adopting the following fact discovery dates: Rule 26(a)(1) disclosures due to issue by September 12, 2025; written discovery requests to issue by September 30, 2025. Dkt. 71.

4. On September 12, 2025, Defendants issued their Rule 26(a)(1) disclosures. Ex. A.

5. On September 30, 2025, Defendant Officers issued their initial written discovery requests comprised of interrogatories, requests for production of documents, and requests for admission. Ex. B.

6. On October 1, 2025, Defendant Officers emailed Plaintiff asking when to expect Plaintiff's yet unissued 26(a) disclosures and written discovery requests. Ex. C.

7. Later that day, Plaintiff's counsel responded by stating he was looking to get caught up by October 6, 2025. Ex. D.

8. On November 3, 2025, Plaintiff still had not issued his own Rule 26(a) disclosures or discovery requests, nor had Plaintiff responded to Defendant Officers' discovery requests. Defendant Officers issued a letter to Plaintiff asking for discovery responses by November 10 and expressing their intention to seek appropriate sanctions if Plaintiff did not respond to Defendant's discovery requests by that date. Ex. E.

9. In both the email transmitting this letter and the letter itself, Defendant Officers asked Plaintiff to provide his availability for a meet and confer in compliance with Local Rule 37.2. Ex. F.

10. On November 5, 2025, after no response from Plaintiff, Defendant Officers followed up by again asking Plaintiff for a good time to meet and confer. Ex. G.

11. On November 12, 2025, after no response from Plaintiff, Defendant Officers called Plaintiff's counsel but received no response. Defendant Officers memorialized that attempted phone call in an email, advising Plaintiff of their intention to bring Plaintiff's lack of discovery responses to the Court's attention at the upcoming status hearing on November 18, 2025. Ex. H.

12.     On November 17, 2025, Defendant Officers again called Plaintiff's counsel to raise the issue of outstanding discovery prior to filing of this Motion to Compel. Plaintiff's counsel answered the phone call and a short conversation between the parites ensued, where Plaintiff's counsel stated he would see what he could provide by the end of the day.

13.     As of the filing of this Motion, Plaintiff's counsel has yet to tender any response to Defendant Officers' written discovery requests.

14.     The discovery sought is necessary and pivotal to defending this case.

15.     Without this basic discovery, Defendants will be prejudiced in their ability to proceed with and complete discovery, engage in settlement talks, and prepare for trial in a timely manner.

16.     Pursuant to Local Rule 37.2, Defendant Officers made numerous good-faith attempts to meet and confer with opposing counsel to resolve these issues without court intervention. Defendant Officers' counsel contacted Plaintiff's counsel by email and telephone numerous times attempting to meet and confer, but despite these repeated efforts, Plaintiff's counsel never provided availability and no meet-and-confer conference occurred. While on two separate occasions, in an October 1 email, Ex. D, and on a September 17 phone call, Plaintiff's counsel stated he would imminently respond to Defendant Officers' written discovery requests, as of the filing of this Motion, no responses have been provided. Court assistance is now required.

WHEREFORE, Defendant Officers respectfully request this Court grant Defendant Officers' Motion to Compel and enter an Order, in the proposed form attached, compelling Plaintiff to provide full, complete, verified responses to all outstanding discovery, without

3

objection, within five (5) days of such Order, or risk sanctions upon further application to this Court; deem as admitted Defendant Officers' requests for admission previously served upon Plaintiff on the grounds that Plaintiff failed to timely serve responses or objections; in the alternative, dismiss Plaintiff's claims for failure to prosecute under Rules 37(b)(2) and Rule 41(b); and grant such other and further relief as the Court deems just and proper.

Dated: November 17, 2025          Respectfully submitted,

*/s/ Theo Noparstak*
Shneur Nathan, Avi Kamionski,
Natalie Adeeyo, and Theo Noparstak
Special Assistant Corporation Counsel
Nathan & Kamionski LLP
206 South Jefferson Street
Chicago, IL 60661
(312) 612-2255
theo@nklawllp.com

*Attorneys for Defendant Officers*

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| JAMES DOLIS, | ) | Case No. 1:21-cv-00550 |
| | ) | |
| Plaintiff, | ) | Hon. John J. Tharp, Jr |
| | ) | District Judge |
| v. | ) | |
| | ) | Hon. Beth W. Jantz |
| KAREN MURPHY, et al., | ) | Magistrate Judge |
| | ) | |
| Defendants. | ) | |

## ORDER

AND NOW, this _____ day of _____, 2025, it is **ORDERED** that Defendant Officers' Motion to Compel Plaintiff James Dolis' Responses to Discovery is **GRANTED**. Plaintiff James Dolis shall produce full and complete responses, without objection, to Defendant Officers' discovery requests within five (5) days hereof, or risk sanctions upon further application to this Court. It is further **ORDERED** that Defendant Officers' Requests for Admission previously served upon Plaintiff are deemed **ADMITTED** pursuant to Rule 36(a)(3), as Plaintiff failed to timely serve responses or objections.

BY THE COURT

_____
The Honorable Beth W. Jantz
United States Magistrate Judge

**CERTIFICATE OF SERVICE**

      I, Theo Noparstak, an attorney, hereby certify that I have caused the foregoing document to be filed with the Court's CM/ECF system, which provided electronic notice and a copy of the same to all counsel of record.

                                                      */s/ Theo Noparstak*